UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TODD GREEN,
   Plaintiff,

vs.                                              Case No.06-4002

BRIAN EARLY, et.al.,
   Defendants.

## ORDER

This cause is before the court for consideration of the plaintiff's motion to reconsider the March 2, 2006 Court Order dismissing this case. [d/e 4]  A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).

This case was dismissed on March 2, 2006.  The clerk of the court received the plaintiff's motion on March 13, 2006.  Although there are no other dates on the motion indicating when the plaintiff provided it to prison officials, the court will assume it was within the ten day period.   Therefore, the court will consider this a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th cir. 1992).

The plaintiff's complaint was filed pursuant to 42 U.S.C. §1983 and alleged that his constitutional rights were violated at the Henry County Jail.   Specifically, the plaintiff alleged that he was not allowed use of the law library to file motions or conduct research.   After a merit review hearing with the plaintiff, the court dismissed his lawsuit for failure to state a claim upon which relief could be granted.

First, the plaintiff failed to allege any specific harm due to the lack of law library time. *See Ortloff V. United States,* 335 F.3d 652, 656 (7th Cir. 2003).  Second, the plaintiff claimed the denial of law library time occurred from May of 2003 to September of 2003.  The plaintiff did not file this lawsuit until January of 2006.   Therefore, the court found that the claim was barred by the applicable two-year statute of limitations period. *See Wilson v Garcia,* 471 U.S. 261, 280 (1985).

In his motion for reconsideration, the plaintiff simply restates his earlier claim. Again, he does not allege any specific harm as a result of the denial of law library time.  The plaintiff also

argues the statute of limitations period does not apply to him because his claim was tolled until one year after he was released from incarceration.

Generally, a plaintiff's claims accrue when he knew or should have known of the alleged violations. *See Gonzalez v. Entress*, 133 F.3d 551 (1998); *see also Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). However, the doctrine of equitable tolling allows a plaintiff to delay suing beyond the expiration of the statute of limitations. The doctrine of equitable tolling is straightforward: "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Central States, Southeast & Southwest Areas Pension Fund v. Slotky,* 956 F.2d 1369, 1376 (7th Cir.1992). The plaintiff must show reasonable diligence during the entire time prior to filing his lawsuit. *Singletary v Continental Ilinois National Bank and Trust Co. Of Chicago,* 9 F.3d 1236, 1243 (7th Cir. 1993). *See Elmore v Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2000) (plaintiff'could not possible invoke the doctrine of equitable tolling unless he sued just as soon as possible after the judge's action made him realize the statute of limitations period had run. He waited four months to sue and has offered no excuse for the delay.")

The plaintiff's complaint alleges that he was denied law library time from May 31, 2003 to September 22, 2003. He did not file this suit until nearly two and a half years later on January 12, 2006. The plaintiff has not shown that he used reasonable diligence to file this lawsuit after September 22, 2003. The motion to reconsider is denied.

**IT IS THEREFORE ORDERED that the plaintiff's motion for post judgement relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is denied. [d/e 4]**

Enter this 06th day of March, 2007.


s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE